UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSHUA PAULK,<br><br>*Plaintiff,*<br><br>-against-<br><br>METRO INDUSTRIAL WRECKING & ENVIRONMENTAL CONTRACTORS, INC.,<br><br>*Defendant.* | No.<br><br>**COMPLAINT** |

Plaintiff Joshua Paulk ("Plaintiff" or "Paulk"), files this Complaint against defendant Metro Industrial Wrecking & Environmental Contractors, Inc. ("Metro Industrial" or "Defendant") and alleges as follows:

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), he is entitled to recover from Defendant, unpaid regular and overtime compensation; liquidated damages; prejudgment and post-judgment interest; and attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law "NYLL", he is entitled to recover from Defendant: unpaid regular and overtime compensation, liquidated damages; civil penalties pursuant to the New York Wage Theft Prevention Act; prejudgment and post-judgment interest; and attorneys' fees and costs.

**JURISDICTION AND VENUE**

3. This is an action seeking equitable and legal relief for Defendant's violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA") and New York Labor Laws ("NYLL") § 190 et seq. and 650 et seq. and 12 NYCRR 142-2.14.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

5. This Court has supplemental jurisdiction over the claims arising under New York State Law pursuant to 28 U.S.C. 1367, in that the New York State Law claims are so closely related to Plaintiffs' federal claims as to form the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391, as substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendant conducts business through its employees, including Plaintiff, within this judicial district.

## PARTIES

7. Plaintiff is a resident of Queens County, New York.

8. Defendant Metro Industrial is a New York limited liability company doing business at 510 Fifth industrial Ct, Bay Shore, NY.

9. Metro Industrial is engaged in the business of providing environmental and demolition services.

10. Metro Industrial is a covered employer within the meaning of the FLSA and NYLL and, at all relevant times, employed Plaintiff.

11. Upon information and belief, Defendant's revenues are in excess of the minimum required to fall within the jurisdiction of the FLSA.

12. Defendant operates in interstate commerce as Defendant maintains offices and equipment out of state in Asheville, North Carolina; Statesboro, Georgia; and West Palm Beach,

Florida and works on projects located throughout the United States, including Ohio and Virginia.

13. Defendant is subject to suit under the statutes alleged above.

## FACTUAL CLAIMS AND ALLEGATIONS

14. Plaintiff Joshua Paulk was hired to work for Defendant as a dump truck driver in August 2019.  He continued working for the company through January 2020.

15. Plaintiff was paid $29 per hour.

16. Plaintiff worked between 58-85 hours per week.

17. During the August to October 2019 period Defendant failed to pay required overtime premium.

18. Defendant did not pay Plaintiff at all for his last three days of work for Defendant.

## STATEMENT OF CLAIM

## COUNT I

### Violation of the Fair Labor Standards Act

19. Plaintiff re-alleges and re-avers each and every allegation and statement contained in the paragraphs above of this Complaint as if fully set forth herein.

20. At all relevant times, upon information and belief, Defendant is and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

21. Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

22. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

23. Upon information and belief, at all relevant times, Defendant have had gross annual revenues in excess of $500,000.

24. Plaintiff was entitled to be paid for all hours worked.

25. Plaintiff was entitled to be paid at the rate of time and one-half his regular hourly rate for all hours worked in excess of 40.

26. Defendant failed to pay for all hours worked and failed to pay proper overtime compensation.

27. At all relevant times, Defendant had, and continues to have a policy and practice of refusing to pay for all hours worked.

28. At all relevant times, Defendant had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half the employee's regular hourly rate to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

29. Defendant knowingly and willfully disregarded the provisions of the FLSA as evidence by its failure to compensate Plaintiff for all hours worked and at the proper overtime rate when Defendant knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure Plaintiff.

30. Defendant has failed to make, keep and preserve records with respect to each of the Plaintiffs sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§211(e) and 215(a).

## COUNT II

### Violation of the New York Labor Law

31. Plaintiff re-alleges and re-avers each and every allegation and statement contained in the paragraphs above of this Complaint as if fully set forth herein.

32. Defendant employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

33. Defendant knowingly and willfully violated the rights of Plaintiff by failing to pay Plaintiff for all straight time hours worked and required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

34. Defendant failed to properly disclose or apprise Plaintiff of his rights under the New York Labor Law.

35. Due to the Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant the difference between his actual wages and the amounts that were owed under the New York Labor Law. The deficiency accounts for payment for all straight time hours, overtime compensation for all overtime hours, reimbursement of any illegal deductions from wages, and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

36. Plaintiff is entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

i. An award for unpaid wages due under the FLSA and New York Labor Law;

ii. An award of liquidated damages as a result of Defendant's failure to pay proper compensation pursuant to 29 U.S.C. § 216;

iii. An award of prejudgment and post-judgment interest;

iv. An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and

v. Award Plaintiff, any relief requested or stated in the preceding paragraphs, but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

vi. Award Plaintiff such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated:   New York, New York
         August 4, 2020

**LAW OFFICE OF MOHAMMED GANGAT**

_____
Mohammed Gangat, Esq.
675 Third Avenue, Suite 1810
New York, NY 10017
Telephone: (718) 669-0714
Email:mgangat@gangatllc.com